**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-08113-001-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Kendall Kevin Anagal, | |
| Defendant. | |

The United States ("Government") filed a "Notice of Intent to Rely Upon Expert Witness Testimony Re: Sexual Abuse of Children and Request for Defense Notice and Discovery." (Doc. 51). Kendall Anagal ("the Defendant") has filed a "Motion in Limine Regarding Expert Testimony of Forensic Interviewer Wendy Dutton." (Doc. 66). The Government has filed a Response to the Defendant's Motion. (Doc. 80). The Court will deny the Defendant's Motion and withhold its ruling on whether the Government's expert may testify.

I.   **Facts**

The Defendant is charged by Indictment with four-counts of Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. §§ 1153 and 2241(c) and one-count of Abusive Sexual Contact of a Minor in violation of 18 U.S.C. §§1153 and 2244(a)(5). (Doc. 1 at 1–3). The alleged crimes occurred between October 15, 2013, and October 14, 2015, on the Navajo Nation. (*Id.*) The allegations are that the Defendant engaged in a sexual act or sexual contact with the victim who was under the age of twelve at the time of the offenses.

(*See id*.)  The Defendant entered not guilty pleas to all charged counts and is awaiting trial on February 6, 2024.  (Doc. 11).  The Government filed a Notice of its' intention to call Wendy Dutton as a testifying expert witness.  (Doc. 51).

## II.    Law

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable.  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1999).  A qualified expert may testify based on their "scientific, technical, or other specialized knowledge" if it "will assist the trier of fact to understand the evidence."  Fed. R. Evid. 702(a).   An expert may be qualified to testify based on his or her "knowledge, skill, experience, training, or education."  *Id.*  The expert's testimony must also be based on "sufficient facts or data," be the "product of reliable principles and methods," and the expert must have "reliably applied the principles and methods to the facts of the case."  *Id*. at 702(b)–(d).  The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue.  *Daubert*, 509 U.S. at 592–93.  "The inquiry envisioned by Rule 702" is "a flexible one."  *Id*. at 594.  The proponent of expert testimony has the ultimate burden of showing that the expert is qualified and that the proposed testimony is admissible under Rule 702. *See Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

That the opinion testimony aids, rather than confuses, the trier of fact goes primarily to relevance.  *See Temple v. Hartford Ins. Co. of Midwest*, 40 F.Supp. 2nd, 1156, 1161 (D. Ariz. 2014) (citing *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010)).  "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action."  Fed. R. Evid. 401. However, an expert witness, "cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law."  *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (internal citations omitted); *see also* Fed. R. Evid. 704.

## III.    Analysis

The Defendant has not contested Dr. Dutton's experience or qualifications to testify

as an expert.  Having reviewed the Government's submissions on Dr. Dutton's education, background and research, the Court concludes that the Government's expert meets the Rule 702 criteria.  (Doc. 51 at Exs.  1–4).  That does not end the Court's inquiry, however.

The Defendant alleges that Dr. Dutton's testimony should be precluded by Rule 702 because it "improperly invades the province of the jury [and] [a]ny testimony by [her] about due process of victimization and the modus operandi of child molesters is outside of the scope of [her] area of expertise."  (Doc. 66 at 2).  Yet, the Government characterizes Dr. Dutton's testimony differently.  The Government does not proffer Dr. Dutton's testimony to include the modus operandi of child molesters.  Rather, the Government explains that Dr. Dutton is qualified to testify about "the general characteristics of child sexual abuse victims, common myths associated with child sexual abuse victims, the process of victimization, the process of disclosure, how trauma can impact memory, and the forensic interview of children."  (Doc. 51 at 2).  The Government also asserts that she is a "blind" expert having no knowledge of the facts of this case and that she will not opine on the guilt or innocence of the Defendant.  (*Id.*)

The Government asserts that Dr. Dutton's testimony is proposed to "help dispel some of the common myths about child sexual abuse: how victim react to, disclose, and respond to such abuse and why."  (*Id.* at 3).  The Government explains that some myths include "that most children would report the abuse immediately, fight back from the abuse, and/or remember every detail of every episode of abuse and provide clear details."  (*Id*).  The Government offers that Dr. Dutton "will testify that general characteristics of child sexual abuse victims may include secrecy, helplessness, entrapment/accommodation, and delayed disclosure."  (*Id.*)

Where an expert's opinion merely assists the trier of fact in understanding the evidence and not to improperly bolster a particular victim's testimony, her opinion is generally admissible.  *See United States v. Antone*, 981 F.2d 1059, 1062 (9th Cir. 1992).  Yet, at this point, the Court cannot determine which categories of her proffered testimony are relevant and what may be needed to aid the jury.  Though the Government proffers that

the victim delayed reporting the alleged crimes and experienced dissociation and script memory, the evidence and testimony related thereto have yet to be developed.  Indeed, some of Dr. Dutton's expert opinion may not be relevant to the facts as they unfold at trial. *See United States v. Pachecho* 829 F. App'x 207, 210 (9th Cir. 2020) ("[T]he Court satisfied its gatekeeping role by asking the government to lay additional foundation as to Dutton's experience and knowledge in the relevant cultural and age groups.").  Further, the Court is not yet able to determine whether and to what extent the victim's credibility will be attacked.  Though the Court finds Dr. Dutton's education, experience, research, and publications qualify her as an expert, the Court will delay ruling whether she will be permitted to testify as proffered.  However, the Defendant's Motion to exclude her testimony for his stated reasons will be denied.

**IT IS ORDERED denying** the Defendant's Motion in Limine (Doc. 66).

Dated this 24th day of January, 2024.

Honorable Diane J. Humetewa
United States District Judge

- 4 -