**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-08113-001-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Kendall Kevin Anagal, | |
| Defendant. | |

The United States ("Government") filed a "Notice of Intent to Elicit Inextricably Intertwined and Rule 404(b) and 413/414 Evidence"[1] (Doc. 45). The Government also filed a Supplemental Notice on this same issue. (Doc. 52). Defendant filed a Motion in Limine in response to preclude the Government from introducing evidence that he engaged in anal intercourse as part of his sex life with Alvita Tsosie ("Witness") as irrelevant and prejudicial under Rules 401 and 403. (Doc. 64). He also asserts that the Government's proffered evidence is "more prejudicial than probative of any issue which will be before the jury." (*Id*. at 2). The Court observes that the Defendant does not address the Government's Fed. R. Evid. 413 admissibility arguments. For the foregoing reasons, the Court will withhold its ruling pending further development of the evidence and testimony.[2]

**I.    Relevant Facts**

In its Notice, the Government states it intends to elicit "[e]vidence that Defendant

---

[1] Unless otherwise provided, any references to a "Rule" herein are in reference to the Federal Rule of Evidence.
[2] This Order does not address the Governments other proffered 404(b) evidence and only addresses issues related to the Witness testimony of forced sex acts.

sexually assaulted the witness and used force and violence against her during sexual contact." (Doc. 45 at 2). The Government asserts that it intends to illicit the Witness' testimony because it involves nonconsensual forced sex acts. The Government proffers that the Defendant engaged in sex acts upon the victim that "included him putting his penis in her mouth and putting his mouth on her vagina. He also forced his penis into her vagina and anus . . . he held a knife to her at times and threatened to kill her if she told anyone. At times, he forcibly put his hands on her neck and choked her." (*Id*. at 3).

The Government describes the proffered testimony as "frequent and included both forced anal sexual intercourse and oral/penile sexual contact." (Doc. 52 at 3). They further describe that the Defendant would "rub his seminal fluid on her body." (*Id*.). The Government asserts that "[o]ne time during their relationship, he leaned her over the bed and forced his penis into her anus; she screamed, and it hurt. This anal sexual assault against [the Witness] was similar to the victim's account of a forced, anal sexual assault that forms the basis of Counts 1 and 2."[3] (Doc. 45 at 5). The Government asserts that when the Defendant "ejaculated, he rubbed it on [the Witness], just as he did against the victim." (Doc. 52 at 3). The Government states that the Witness claimed "he liked to bite her in her "sensitive areas" during sex[.]" (*Id*.) The Government does not describe similar victim allegations that involve the Defendant biting her.

**II.     Law and Analysis**

The Government intends to introduce the Witness' testimony about the Defendant's forced sex acts upon her under Federal Rule of Evidence 413. Rule 413 was enacted as an exception to Rule 404(b), which imposes a blanket prohibition on propensity evidence. *See Doe v. Glazer*, 232 F.3d 1258, 1267 (9th Cir. 2000) (internal citations omitted). Section (a) of that Rule provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 404(a). The proffered other forced sex act evidence must be a "sexual assault"

---

[3] Count 1 alleges a sexual act involving contact between the Defendant's penis and the victim's vulva, upon penetration however slight. (Doc. 1 at 1-2).

prohibited by 18 U.S.C. chapter 109(A), which has an element the use of physical "force." Fed. R. Evid 413(d); 18 U.S.C. § 2241.  So, the Rule permits evidence of a criminal defendant's propensity to commit the sexual assault for which he is charged. *United States v. Redlightening*, 624 F.3d. 1090, 1120 (9th Cir. 2010).

That does not end the Court's inquiry, however.  The other acts described are likely to inflame a jury, so the Court must determine whether the evidence, like all evidence, is subject to Rule 403 exclusion—that is—whether its probative value is outweighed by its prejudicial effect to the Defendant.  Fed. R. Evid. 403.  In doing so, a court considers certain non-exhaustive factors: (1) similarity of the other acts to the acts charged; (2) closeness in time of the other act to the charged acts; (3) frequency of the other acts; (4) presence or lack of intervening circumstances, and (5) necessity of the evidence beyond the testimony already offered. *See United States v. Perez,* 662 Fed. Appx. 495, 497 (9th Cir 2016) (citing *U.S. v. Le May*, 260 F.3d 1018, 1027 (9th Cir. 2001)).

The act of Defendant's forced penial penetration of the witness's anus; her screaming and stating that it hurt, is similar to the Victim's account of a forced anal sexual assault that resulted in Count 2 which alleges "[t]he sexual act involved contact between the defendant's penis and the victim's anus, upon penetration, however slight." (Doc. 1 at 2).  The Government's proffered evidence that when the Defendant "ejaculated, he rubbed it on[the Witness], just as he did against the victim" during a sexual assault also meets the admissibility criteria under Rule 413(a) and (d)(1), (2) and(4), as well as Rule 404.

However, in its Rule 403 analysis, when applying the relevant factors to the present record, the Court can only find as to the first factor that the proffered acts are similar to the allegations involving the victim.  They also appear to be relevant in considering the Defendant's intent, motive, plan and lack of mistake as it relates to the victim. See Fed. R. Evid. 404(b)(2).  Beyond that, the record is devoid of information on which the Court can make a Rule 403 finding as to factors (2) through (5).

Accordingly, though the Court finds the described prior sex acts as relevant and admissible under Rule 413, the Court will **withhold its ruling** until the Government

1 provides further information upon which the Court can make a more informed Rule 403
2 determination.
3   Dated this 25th day of January, 2024.

Honorable Diane J. Humetewa
United States District Judge